1  WALLACE C. DOOLITTLE, ESQ. (SBN 158116)
   BRADLEY D. BAYAN, ESQ. (SBN 218751)
2  JOHN A. SWEENEY, ESQ. (SBN 164528)
   **LAW OFFICES OF WALLACE C. DOOLITTLE**
3  1260 B Street, Suite 220
   Hayward, California 94541
4
   TELEPHONE: (510) 888-0600
5  FACSIMILE: (510) 888-0606
   EMAIL:     doolittlew@doolittlelaw.com
6
7  Attorneys for Defendants CALIFORNIA WASTE SOLUTIONS, INC., a California corporation
   (sued incorrectly herein as "CAL WASTE SOLUTIONS"), JIMMY DUONG, RUTH LIU (sued
8  incorrectly as "RUTH LUI"), OSCAR RAMIREZ, STAN BEALE (sued incorrectly herein as
   "STAN BEAL") and RICH GROGAN
9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                   (Oakland Division)

13

14  REGINALD DICKERSON, LLOYD HALL,        Case No.  **CV 08  3773 WDB**
    BRANDON REED AND HARRISON
15  BROWN,

16                                         **NOTICE OF MOTION AND MOTION
                   Plaintiffs,             TO DISMISS PURSUANT TO F.R.C.P.
17                                         12(B)(6), OR, IN THE ALTERNATIVE,
    v.                                     TO COMPEL ARBITRATION;
18                                         MEMORANDUM OF POINTS AND
                                           AUTHORITIES; PROPOSED ORDER**
19   CAL WASTE SOLUTIONS, JIMMY
    DUONG, RUTH LUI, OSCAR RAMIREZ,
20  STAN BEAL, RICH GROGAN and DOES 1-     Date:  October 2, 2008
    50,                                    Time:  1:30 p.m.
21                                         Dept:  Courtroom 4, 3rd Floor, 1301 Clay St.,
                   Defendants.             Oakland, CA  94612-5212
22

23                                         Complaint filed:  July 18, 2008
24                                         Trial date:  None
25

26

27

28                                    1

# TABLE OF CONTENTS

I. INTRODUCTION/FACTS ............................................................. 4

II. PLAINTIFF'S ACTION MUST BE DISMISSED ................................. 6

    A.  12(B)(6) STANDARD ...................................................... 6

    B.  FEDERAL LABOR LAW COMPLETELY
          PREEMPTS THE STATE LAW CLAIMS IN THE COMPLAINT ............ 6

    C.  THE DOCTRINE OF COMPLETE PREEMPTION
          REQUIRES DISMISSAL OF ALL CLAIMS ............................... 7

    D.  PLAINTIFFS HAVE FAILED TO ALLEGE AND
          CANNOT ALLEGE THAT THEY EXHAUSTED
          ALL THEIR REMEDIES UNDER THE CBA ................................ 15

    E.  IN THE ALTERNATIVE, PLAINTIFFS' CLAIM IS
          SUBJECT TO MANDATORY ARBITRATION
          UNDER THE CBA ........................................................ 17

    F.  TO THE EXTENT THAT THEIR EMPLOYMENT
          REMEDIES ARE EXCLUSIVE UNDER THE CBA,
          PLAINTIFFS' CLAIMS MUST BE DISMISSED ......................... 18

    G.  PLAINTIFF DICKERSON'S CLAIMS FOR HOSTILE
          WORK ENVIRONMENT AND SEXUAL BATTERY
          DO NOT RISE TO THE LEVEL OF ACTIONABLE
          CLAIMS; HORSEPLAY DOES NOT EQUAL
          "HARRASSENT" ......................................................... 20

    H.  PLAINTIFFS DO NOT ALLEGE AND CANNOT
          ALLEGE THAT THEY EXHAUSTED ALL THEIR
          ADMINISTRATIVE REMEDIES ......................................... 21

    I.  PLAINTIFF REED'S CLAIM MUST BE DISMISSED,
          AS HE ADMITS IN THIS COMPLAINT THAT HE
          WAS TERMINATED PURSUANT TO TO TERMS
          OF HIS PROBATION; HE WAS AN AT-WILL
          EMPLOYEE ............................................................... 22

    J.  PLAINTIFFS' DEMAND FOR ATTORNEYS' FEES
          MUST BE STRICKEN ................................................... 22

III.      CONCLUSION .............................................................. 23

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

---

# TABLE OF AUTHORITIES

<u>CASES</u>

*Allis-Chalmers Corp. v. Lueck,*
   (1985) 471 US 202 ……………………………………10, 11,12, 13, 14, 15, 22

*Arpin v. Santa Clara Valley Transp. Agency,*
   (9th Cir. 2001) 261 F3d 912 ……………………………………………6, 15

*Balisteri v. Pacifica Police Dept.,*
   (9th Cir. 1990) 901 F2d 696 ……………………………………………………6

*Bratten v. SSI Services, Inc.,*
   (6th Cir. 1999) 185 F3d 625 …………………………………………17, 18, 19

*Brooks v. City of San Mateo,*
   (9th Cir. 2000) 229 F3d 917 ……………………………………………20, 21

*Burrell v Star Nursery, Inc.,*
   (9th Cir. 1999) 170 F3d 951 …………………………………………………21

*Carson v. Giant Food, Inc.,*
   (4th Cir. 1999) 175 F3d 325 …………………………………………17, 18, 19

*Conley v. Gibson,*
   (1957) 355 US 41, 45-46, 78 S.Ct. 99 ………………………………………6

*Cramer v. Consolidated Freightways, Inc.,*
   (9th Cir. 2001) 255 F3d 683 …………………………9, 10, 11, 12, 13, 14, 15, 22

*Dielsi v. Falk,*
   (CD CA 1996) 916 F.Supp.985 …………………………………………16, 19

*De La Cruz v. Tormey,*
   (9th Cir. 1978) 582 F2d 45 ……………………………………………………6

*Faragher v. City of Boca Raton,*
   (1998) 524 US 775 …………………………………………………………20

*Franchise Tax Board v. Construction Laborers Vacation Trust,*
   (1983) 463 US 1, 23, 103 S.Ct. 284 …………………………………………8

*Freightliner Corp. v. Myrick,*
   (1995) 514 US 280, 287, 115 S.Ct. 1483 ……………………………………7

*Garley v. Sandia Corp.,*
   (10th Cir. 2001) 236 F3d 1200 ………………………………………………9

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*
   (9th Cir. 1990) 896 F2d 1542 …………………………………………………6

*Harris v. Birmingham Board of Education,*
   (11th Cir. 1987) 817 F2d 1525 ………………………………………………5

*Hearn v. R.J. Reynolds Tobacco Co.,*
   (D AZ 2003) 279 F.Supp.2d 1096 ……………………………………………7

*Hollis v. Kaiser Found. Hosps.*
   (9th Cir. 1984) 727 F2d 823 …………………………………………11, 13, 15, 22

*Lingle v. Norge Div. of Magic Chef,*
   (1988) 486 US 399, 403-406, 108 S.Ct. 1877 …………………………7, 9, 17

*Linville v. Sears, Roebuck & Co.,*

(8th Cir. 2003) 335 F3d 822 ..................................................................21
*Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of America v. Lucas Flour Co.,*
(1962) 369 US 95 ........................................................................8, 17
*Newberry v. Pacific Racing Ass'n,*
(9th Cir. 1988) 854 F2d 1142 .................................................12, 13, 15
*Pacific Gas & Elec. Co. v. State Energy Resources Conservation & Develop. Comm'n,*
(1983) 461 US 190 ..........................................................................7
*Peters v. Union Pac. R. Co.,*
(8th Cir. 1996) 80 F.3d 257 ...........................................................16, 19
*Quiller v. Barclays American/Credit, Inc.,*
(11th Cir. 1984) 727 F2d 1067 ............................................................7
*Schifando v. City of Los Angeles,*
(2003) 31 C4th 1074 ........................................................................22
*Tellez v. Pacific Gas & Elec. Co., Inc.,*
(9th Cir. 1987) 817 F2d 536 ..............................................................14
*Textile Workers Union v. Lincoln Mills,*
(1957) 353 US 448 ..........................................................................8
*Weisbuch v. County of Los Angeles,*
(9th Cir.) 119 F3d 788 .....................................................................7
*Wilkerson v. Butler,*
(ED CA 2005) 229 FRD 166 ............................................................23
*Wright v. Universal Maritime Service Corp.,*
(1998) 525 US 70 ...............................................................16, 17, 18, 19, 20
*Young v. Anthony's Fish Grottos, Inc.,*
(9th Cir. 1987) 830 F2d 993 ...............................8, 10, 11, 16, 18, 19

STATUTES
Americans with Disabilities Act ................................................................5
California Fair Employment and Housing Act ..............................................5
California Government Code §12900 et seq. ................................................4
Equal Employment Opportunity Commission (EEOC) ................................21
Labor Management Relations Act, Section 301...........................2, 7, 8, 12
Fair Employment and Housing Act (FEHA) ...............................................21
Federal Rule of Civil Procedure, Rule 12(b)(6) ...................................2, 6, 15
Title VII ..........................................................................................21
29 USC §185(a) ..................................................................................8
42 U.S.C. §1981 ..................................................................................4

MISCELLANEOUS

California Practice Guide,
*Federal Civil Procedure Before Trial,* (2008) TRG .................5, 6, 7, 8, 9, 10, 11, 12,
15, 16, 17, 18, 19, 22, 23
California Practice Guide,
*Employment Litigation,* (2007) TRG ..............................16, 17, 18, 20, 22

4

TO: ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 2, 2008 at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 4, 3rd Floor, located at 1301 Clay Street, Oakland, CA 94612, or such other department to which the Court may assign to this matter, all Defendants will and do hereby move the above-entitled Court for an order dismissing the Complaint of Plaintiffs or, in the alternative, for an order compelling arbitration of the claims set forth in the Complaint.

This motion is brought pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6), based upon Section 301 of the Labor Management Relations Act, and upon such other and further authorities set forth in the attached Memorandum of Points and Authorities filed herewith.

Specifically, this motion to dismiss, or, in the alternative, to compel arbitration, seeks relief as follows:

(1)    Plaintiffs' First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Tenth Cause of Action should be dismissed as, among other things, these claims are Plaintiffs have failed to exhaust their grievance remedies under the Teamsters Collective Bargaining Agreement, these Plaintiffs have failed to allege exhaustion of their administrative remedies, and have further failed to state legally cognizable causes of action for sexual harassment, hostile work environment and sexual battery;

(2)    In the alternative, arbitration is mandatory under the Collective Bargaining Agreement and therefore if the Court is not inclined to dismiss this matter, the Court is nevertheless respectfully requested to order the matter to arbitration and to stay and hold the action in abeyance.

5

This motion shall be based upon this Notice of Motion, the Memorandum of Points and Authorities, the Plaintiffs' Complaint and exhibits thereto (attached to the Notice of Removal filed by Defendants) the files and records of this action and such other and further oral and documentary evidence as may be introduced or referred to at the hearing on this matter.

Dated:   August 12, 2008            LAW OFFICES OF WALLACE C. DOOLITTLE


_____/S/_____
Wallace C. Doolittle, Esq.
Attorneys for Defendants CALIFORNIA WASTE
SOLUTIONS, INC., a California corporation (sued
incorrectly herein as "CAL WASTE SOLUTIONS"),
JIMMY DUONG, RUTH LIU (sued incorrectly as "RUTH
LUI"), OSCAR RAMIREZ, STAN BEALE (sued
incorrectly herein as "STAN BEAL") and RICH GROGAN


## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION/FACTS:

Defendant CALIFORNIA WASTE SOLUTIONS, INC., a California corporation, ("CWS") is a recycling company, with locations in Oakland and San Jose.  The other Defendants are current or past employees of the company.

Plaintiffs are either current or past employees.  Each of the Plaintiffs either was or is a curbside recycling collection truck driver.  All the Plaintiffs are members of International Brotherhood of Teamsters, Local 70 (the "Teamsters").  At all material times the Teamsters and CWS were parties to an effective and current Collective Bargaining Agreement ("CBA").[1]

---

[1]   Plaintiffs sue CWS for, among other things, breach of the Teamsters CBA. [See, Complaint, ¶¶46, 47, 51.]

1
2
3
4
5
6
7

The Complaint for, inter allia, the deprivation of plaintiffs' civil rights was filed in the State Court of California in and for the County of Alameda. The Defendants filed a Notice of Removal on August 7, 2008. The Plaintiffs' Complaint involves four individuals whom the Complaint alleges are members of "a protected class." See paragraphs 1 through 4 of the Complaint filed July 18, 2008 (hereinafter "Complaint"). A copy of the Complaint is attached to Defendants' Notice of Removal as Exhibit A, filed herein.

8
9
10
11
12

The Complaint cites 42 U.S.C. §1981 (in addition to California Government Code §12900 et seq.) and states that these statutes prohibit employers from sexually harassing employees, discriminating against employees and retaliating against employees. See paragraph 5 of the Complaint.

13
14
15
16
17
18
19
20
21
22
23
24

The Complaint alleges that the defendants "had little or no respect for state and federal laws regarding discrimination" and attempts to imply that the defendants "intentionally mislead" the plaintiffs as to where the provisions on non-discrimination "could be found and the extent of their non-discrimination policy." See paragraph 31 of the Complaint attached. Paragraph 31 cites Exhibit A of the Complaint as supporting these allegations, which are the "Collective Bargaining Agreement Between Sanitary Truck Drivers and Helpers, Local #350, IBT and California Waste Solutions of San Jose, CA, Drivers/Mechanics, 2007-2013", and "Agreement Between Brotherhood of Teamsters, Local No. 70 and California Waste Solutions." The copy of the agreement with Local #70 states that it was made and entered into in 1994, and reprinted in 1998. See Exhibit A of the Complaint, filed herein. Article 20 of the Collective Bargaining Agreement regarding Local #350 cites the Americans with Disabilities Act (along with the California Fair Employment and Housing Act).

25
26
27

Each Collective Bargaining Agreement contains a grievance and arbitration section. Article 21 in the agreement with Local #350 and Article 14 in the agreement with Local #70 each require that grievances be reduced to writing within a specified time. The Complaint fails to

28

7

allege that the plaintiffs complied with the required grievance procedures, and fails to state that the plaintiffs exhausted their administrative remedies. The Complaint fails to allege that any of the plaintiffs sought arbitration of any of the issues raised in the Complaint. See Exhibit A of the Complaint.

The Plaintiffs allege that the Defendants violated the relevant Collective Bargaining Agreements. See, e.g., Paragraphs 26, 39, 46, 54, 62, 67, 70, 79 and 85 of the Complaint. These paragraphs of Plaintiffs' Complaint are discussed below. Under 28 USC § 1441(c) the Defendants gave notice of removal of this action to federal court. California Practice Guide, *Federal Civil Procedure Before Trial,* (2008) TRG, 2:604.

The Plaintiffs allege that the Defendants violated federal law. See, e.g., Paragraphs 5, 31, 32, 33, 67, and 70. Under 28 USC § 1441(b) (federal question) the Defendants gave notice of removal of this action to federal court. *Harris v. Birmingham Board of Education* (11th Cir. 1987) 817 F2d 1525, 1526, California Practice Guide, *Federal Civil Procedure Before Trial,* (2008) TRG, 2:841.

## II.     PLAINTIFFS' ACTION MUST BE DISMISSED

### A.     12(B)(6) STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims stated in the complaint. The Court must decide whether the facts alleged, if true, would entitle the Plaintiffs to some form of legal remedy. Where, as here, the answer is unequivocally "no," the motion must be granted. *Conley v. Gibson* (1957) 355 US 41, 45-46, 78 S.Ct. 99, 102; *De La Cruz v. Tormey* (9th Cir. 1978) 582 F2d 45, 48; see California Practice Guide, *Federal Civil Procedure Before Trial,* (2008) TRG, 9:187. A rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.* (9th Cir. 1990) 901 F2d 696, 699; see California Practice Guide, *Federal Civil Procedure Before Trial,* (2008) TRG, 9:187. Unless the court converts a Rule 12(b)(6) motion into a summary judgment motion, or the defense is apparent from matters of which a court may take judicial notice, the court cannot consider material outside

8

the complaint (e.g., facts presented in briefs, affidavits or discovery materials). *Arpin v. Santa Clara Valley Transp. Agency* (9th Cir. 2001) 261 F3d 912, 925; California Practice Guide, *Federal Civil Procedure Before Trial,* (2008) TRG, 9:211. Material properly submitted with the complaint (i.e., exhibits under FRCP 10(c)) may be considered as part of the complaint for purposes of a Rule 12(b)(6) motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.* (9th Cir. 1990) 896 F2d 1542, 1555; California Practice Guide, *Federal Civil Procedure Before Trial,* (2008) TRG, 9:212.

## B.    FEDERAL LABOR LAW COMPLETELY PREEMPTS THE STATE LAW CLAIMS IN THE COMPLAINT

A federal statute that does not expressly preempt state law may do so impliedly. See California Practice Guide, *Federal Civil Procedure Before Trial,* (2008) TRG, 1:690. Implied preemption is found where the federal statute regulates a field that Congress intended to be occupied exclusively by the federal government. See *Freightliner Corp. v. Myrick* (1995) 514 US 280, 287, 115 S.Ct. 1483, 1488. When Congress has legislated so comprehensively in an area that federal law occupies the entire field, leaving no room for state regulation, state law is impliedly preempted. See California Practice Guide, *Federal Civil Procedure Before Trial,* (2008) TRG, 1:690 and *Pacific Gas & Elec. Co. v. State Energy Resources Conservation & Develop. Comm'n* (1983) 461 US 190, 204, 103 S.Ct. 1713, 1722. Section 301 of the Labor Management Relations Act (LMRA) provides that "(s)uits for violation of (collective bargaining agreements) … may be brought in any district court …" See California Practice Guide, *Federal Civil Procedure Before Trial,* (2008) TRG, 1:692; 29 U.S.C. §185(a) [parenthesis added]. This has been construed to preempt state law on claims that require interpretation of a collective bargaining agreement. See *Lingle v. Norge Div. of Magic Chef* (1988) 486 US 399, 403-406, 108 S.Ct. 1877, 1880-1881.

## C.    THE DOCTRINE OF COMPLETE PREEMPTION REQUIRES DISMISSAL OF ALL STATE LAW CLAIMS

A Rule 12(b)(6) motion to dismiss for failure to state a claim may be used when, as here, the Plaintiffs have included allegations in the Complaint that, on their face, disclose some

9

absolute defense or bar to recovery: "If the pleadings establish facts compelling a decision one way, that is as good as if depositions or other expensively obtained evidence on summary judgment establishes the identical facts." *Weisbuch v. County of Los Angeles* (9th Cir.) 119 F3d 788, fn. 1; *Quiller v. Barclays American/Credit, Inc.* (11th Cir. 1984) 727 F2d 1067, 1069; *Hearn v. R.J. Reynolds Tobacco Co.* (D AZ 2003) 279 F.Supp.2d 1096, 1102 (citing text); see California Practice Guide, *Federal Civil Procedure Before Trial,* (2008) TRG, 9:193.

The "complete preemption" doctrine is limited primarily, as is the matter here, to state law claims that are displaced by the Labor Management and Relations Act. California Practice Guide, *Federal Civil Procedure Before Trial,* (2008) TRG, 2:726.1. Where federal law completely preempts a state law claim, the action may be removed to federal court *even if federal law fails to provide plaintiff with remedies available under state law*, or a nonjurisdictional *defense completely bars* the federal claim. See *Young v. Anthony's Fish Grottos, Inc.* (9th Cir. 1987) 830 F2d 993, 999; California Practice Guide, *Federal Civil Procedure Before Trial,* (2008) TRG, 2:724. Under such circumstances, the district court should *dismiss* the federal claim (not remand to the state court). See *Young v. Anthony's Fish Grottos, Inc.*, supra, 830 F2d 993 at 999; California Practice Guide, *Federal Civil Procedure Before Trial,* (2008) TRG, 2:724.

A common application of "complete preemption" is an action by union employees (persons employed under a collective bargaining agreement) against their employers *based on claims arising out of their employment relationship.* California Practice Guide, *Federal Civil Procedure Before Trial,* (2008) TRG, 2:7247 [emphasis added]. The Labor Management Relations Act §301(a) states: "Suits for violation of (collective bargaining contracts) … may be brought in any district court having jurisdiction of the parties without regard to the amount in controversy or without regard to the citizenship of the parties." 29 USC §185(a); California Practice Guide, *Federal Civil Procedure Before Trial,* (2008) TRG, 2:728. The statute has been interpreted as authorizing federal courts to *fashion a body of federal common law* for enforcement of collective bargaining agreements. *Textile Workers Union v. Lincoln Mills* (1957)

1    353 US 448, 455-456, 77 S.Ct. 912, 917-918; California Practice Guide, *Federal Civil*

2    *Procedure Before Trial,* (2008) TRG, 2:729.

3         The body of federal common law authorized under LMRA §301 completely preempts

4    state law claims based on a collective bargaining agreement: "Any such suit is *purely a creature*

5    *of federal law*, notwithstanding the fact that state law would provide a cause of action in the

6    absence of §301." *Franchise Tax Board v. Construction Laborers Vacation Trust* (1983) 463 US

7    1, 23, 103 S.Ct. 2841, 2854; California Practice Guide, *Federal Civil Procedure Before Trial,*

8    (2008) TRG, 2:730. Complete preemption of state law is necessary because it ensures uniform

9    interpretation of labor agreements (*Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers*

10   *of America v. Lucas Flour Co.* (1962) 369 US 95, 103-104) and because preemption *assures that*

11   *arbitration provisions of collective bargaining agreements* will be given the same effect in

12   federal and state courts; i.e., so that labor law grievances "remain firmly in the arbitral realm."

13   *Lingle v. Norge Div. of Magic Chef* (1988) 486 US 399, 411, 108 S.Ct. 1877, 1884; California

14   Practice Guide, *Federal Civil Procedure Before Trial,* (2008) TRG, 2:731.

15        The key to determining the scope of LMRA preemption is whether resolution of the state

16   law claim *requires the court to construe a provision* of the collective bargaining agreement.

17   *Lingle v. Norge Div. of Magic Chef* (1988) 486 US 399, 412, 108 S.Ct. 1877, 1885. The

18   Plaintiffs' claim is thus the touchstone for this analysis. "The need to interpret the [collective

19   bargaining agreement] must inhere in the nature of the plaintiff's claim." *Cramer v.*

20   *Consolidated Freightways, Inc.* (9th Cir. 2001) 255 F3d 683, 691 (en banc); *Garley v. Sandia*

21   *Corp.* (10th Cir. 2001) 236 F3d 1200, 1208; California Practice Guide, *Federal Civil Procedure*

22   *Before Trial,* (2008) TRG, 2:736.

23        Plaintiffs' First Cause of Action should be dismissed: Paragraph 39 of the Complaint

24   states that "Plaintiff Dickerson then complained to Defendants CWS, Beal [sic] and Duong and

25   human resources manager Liu [sic] about Ramirez's offensive sexual conduct and racial

26   comments and asked them to put a stop to it." See Complaint, paragraph 39. Plaintiffs' First

27   Cause of Action requires interpretation of the Collective Bargaining Agreement. Resolution of

28

                                             11

1   Plaintiff Dickerson's claim in the First Cause of Action necessarily depends upon the terms of

2   the Collective Bargaining Agreement's grievance process because Plaintiff is alleging that the

3   Defendants' conduct in "embarrassing, degrading, insulting and sexually harassing him was done

4   in the course and scope of CWS business and while each Defendant was on duty and was only

5   possible due to Defendants [sic] capacity as employer, manager and supervisor." See Paragraph

6   41 of the Complaint. Plaintiff Dickerson further alleges that "Defendant CWS's failure to correct

7   or prevent the harassment", presumably under the terms of the relevant and applicable grievance

8   process, that therefore " …CWS acted to condone and ratify the conduct of each of the

9   Defendants." See Paragraph 42 of the Complaint. Here, Plaintiff Dickerson is not alleging illegal

10  conduct on the part of Defendants CWS, Beale and Duong and human resources manager Liu,

11  but rather that they failed to act under the grievance process as outlined by the relevant

12  Collective Bargaining Agreement which Plaintiffs attached to their Complaint as Exhibit A. See

13  Exhibit A of Complaint. As pled, the First Cause of Action puts forth a state law claim, which is

14  "inextricably intertwined with consideration of the terms of the labor contract." See *Allis-*

15  *Chalmers Corp. v. Lueck* (1985) 471 US 202, 213, 105 S.Ct. 1904, 1912, *Cramer v.*

16  *Consolidated Freightways, Inc.* (9th Cir. 2001) 255 F.3d 683 (en banc). Because Plaintiffs' First

17  Cause of Action requires interpretation of the Collective Bargaining Agreement and because it is

18  therefore completely preempted by federal law, Plaintiffs' First Cause of Action should be

19  dismissed.

20      Plaintiffs' Second Cause of Action should be dismissed: Paragraph 46 of the Complaint

21  alleges that Plaintiffs "were all employed under a contract that was partly oral, partly written and

22  partially implied." See Paragraph 46 of the Complaint. Plaintiffs' Second Cause of Action

23  requires interpretation of the Collective Bargaining Agreement. In *Young v. Anthony's Fish*

24  *Grottos, Inc.* the court held that the state law breach of contract claims are preempted if the

25  subject matter of the contract is covered by the relevant collective bargaining agreement or the

26  employee relies on a collective bargaining agreement in asserting the contract claim. See *Young*

27  *v. Anthony's Fish Grottos, Inc.* (9th Cir. 1987) 830 F.2d 993, 997-998, California Practice Guide,

28

*Federal Civil Procedure Before Trial,* (2008) TRG, 2:740. Paragraph 46 of the Complaint alleges "The terms of the contract relied upon by all Plaintiffs included but were not limited to a collective bargaining agreement …" As pled, the Second Cause of Action puts forth a state law claim which is "inextricably intertwined with consideration of the terms of the labor contract." See *Allis-Chalmers Corp. v. Lueck* (1985) 471 US 202, 213, 105 S.Ct. 1904, 1912, *Cramer v. Consolidated Freightways, Inc.* (9th Cir. 2001) 255 F.3d 683 (en banc). Because Plaintiffs' Second Cause of Action requires interpretation of the Collective Bargaining Agreement and because it is therefore completely preempted by federal law, Plaintiffs' Second Cause of Action should be dismissed.

Plaintiffs' Third Cause of Action should be dismissed: Paragraph 54 of the Complaint alleges "The relationship between Plaintiffs and Defendant CWS was fundamentally contractual. Inherent in that contractual relationship is a covenant of good faith and fair dealing." Plaintiffs' Third Cause of Action requires interpretation of the Collective Bargaining Agreement. In *Young v. Anthony's Fish Grottos, Inc.* the court held that the state law breach of contract claims are preempted if the subject matter of the contract is covered by the relevant collective bargaining agreement or the employee relies on a collective bargaining agreement in asserting the contract claim. See *Young v. Anthony's Fish Grottos, Inc.* (9th Cir. 1987) 830 F.2d 993, 997-998, California Practice Guide, *Federal Civil Procedure Before Trial,* (2008) TRG, 2:740. As pled, the Third Cause of Action puts forth a state law claim which is "inextricably intertwined with consideration of the terms of the labor contract." See *Allis-Chalmers Corp. v. Lueck* (1985) 471 US 202, 213, 105 S.Ct. 1904, 1912, *Cramer v. Consolidated Freightways, Inc.* (9th Cir. 2001) 255 F.3d 683 (en banc). Because Plaintiffs' Third Cause of Action requires interpretation of the Collective Bargaining Agreement and because it is therefore completely preempted by federal law, Plaintiffs' Third Cause of Action should be dismissed.

Plaintiffs' Fourth Cause of Action should be dismissed: Paragraph 62 of the Complaint states that "The intentional act of wrongfully terminating and constructively terminating Reed and Hall by defendants and the effect on all plaintiffs was foreseeable by defendants. Plaintiffs

13

1   have lost wages and benefits …"  The Complaint alleges in Paragraph 26 that Plaintiff Reed was

2   "Without any verbal or written warning regarding his job performance, *in violation of his*

3   *employment agreement* with CWS Reed was wrongfully terminated thirteen days prior to the end

4   of his probationary period (emphasis added)." Plaintiffs' Fourth Cause of Action requires

5   interpretation of the Collective Bargaining Agreement. Claims by probationary employees may

6   require interpretation of the applicable collective bargaining agreement because a union can

7   waive the job security rights of probationary employees in order to obtain job security for more

8   senior employees. *Hollis v. Kaiser Found. Hosps.* (9th Cir. 1984) 727 F2d 823, 825, California

9   Practice Guide, *Federal Civil Procedure Before Trial,* (2008) TRG, 2:741. As pled, the Fourth

10  Cause of Action puts forth a state law claim which is "inextricably intertwined with

11  consideration of the terms of the labor contract." See *Allis-Chalmers Corp. v. Lueck* (1985) 471

12  US 202, 213, 105 S.Ct. 1904, 1912, *Cramer v. Consolidated Freightways, Inc.* (9th Cir. 2001)

13  255 F.3d 683 (en banc). Furthermore, there is no public policy exception. A state's public policy,

14  no matter how strongly reflected in its statutes or case law, is no barrier to preemption under

15  LMRA §301. *Newberry v. Pacific Racing Ass'n* (9th Cir. 1988) 854 F2d 1142, 1147-1150.

16  Because Plaintiffs' Fourth Cause of Action requires interpretation of the Collective Bargaining

17  Agreement and because it is therefore completely preempted by federal law, Plaintiffs' Fourth

18  Cause of Action should be dismissed.

19      Plaintiffs' Fifth Cause of Action should be dismissed: Paragraph 67 of the Complaint

20  alleges that "As a direct and proximate result of defendants' constructive termination of plaintiff

21  Hall in violation of *federal* and state laws and public policy plaintiff lost and will continue to

22  lose income and benefits (emphasis added)." Plaintiffs' Fifth Cause of Action requires

23  interpretation of the Collective Bargaining Agreement. The allegation of constructive

24  termination necessarily will, at the very least, involve consideration and possible interpretation of

25  the applicable collective bargaining agreement, as opposed to "merely looking to" the collective

26  bargaining agreement. *Cramer v. Consolidated Freightways, Inc.* (9th Cir. 2001) 255 F.3d 683

27  (en banc). As pled, the Fifth Cause of Action puts forth a state law claim that is "inextricably

28

14

intertwined with consideration of the terms of the labor contract." See *Allis-Chalmers Corp. v. Lueck* (1985) 471 US 202, 213, 105 S.Ct. 1904, 1912, *Cramer v. Consolidated Freightways, Inc.* (9th Cir. 2001) 255 F.3d 683 (en banc). Because Plaintiffs' Fifth Cause of Action requires interpretation of the Collective Bargaining Agreement and because it is therefore completely preempted by federal law, Plaintiffs' Fifth Cause of Action should be dismissed.

Plaintiffs' Sixth Cause of Action should be dismissed: Paragraph 70 of the Complaint alleges that "Defendants CWS, Jimmy Doung and Does 1-50 retaliated against Plaintiff Reed in violation of *federal* and state law, public policy and CWS's *contract* with him by engaging in retaliatory conduct and continuing that conduct along with employees in CWS [sic] human resources department until he was terminated without cause and in violation of *federal* and state laws and with *agreements* Plaintiff had with defendant CWS (emphasis added)." The Complaint alleges in Paragraph 26 that Plaintiff Reed was "Without any verbal or written warning regarding his job performance, *in violation of his employment agreement* with CWS Reed was wrongfully terminated thirteen days prior to the end of his probationary period (emphasis added)." Plaintiffs' Sixth Cause of Action requires interpretation of the Collective Bargaining Agreement. Claims by probationary employees may require interpretation of the applicable collective bargaining agreement because a union can waive the job security rights of probationary employees in order to obtain job security for more senior employees. *Hollis v. Kaiser Found. Hosps.* (9th Cir. 1984) 727 F2d 823, 825, California Practice Guide, *Federal Civil Procedure Before Trial,* (2008) TRG, 2:741. As pled, the Sixth Cause of Action puts forth a state law claim that is "inextricably intertwined with consideration of the terms of the labor contract." See *Allis-Chalmers Corp. v. Lueck* (1985) 471 US 202, 213, 105 S.Ct. 1904, 1912, *Cramer v. Consolidated Freightways, Inc.* (9th Cir. 2001) 255 F.3d 683 (en banc). Because Plaintiffs' Sixth Cause of Action requires interpretation of the Collective Bargaining Agreement and because it is therefore completely preempted by federal law, Plaintiffs' Sixth Cause of Action should be dismissed.

Plaintiffs' Seventh Cause of Action should be dismissed: Paragraph 72 of the Complaint alleges that "CWS's failure to correct the conduct of Ramirez, Duong and Liu [sic] as alleged in

15

the first, second, third, fifth and sixth causes of action of this complaint was deliberate and willful and done in reckless disregard of causing Plaintiffs emotional distress." Plaintiffs' Seventh Cause of Action requires interpretation of the Collective Bargaining Agreement. Claims of emotional distress may require interpretation of the applicable collective bargaining agreement because such claims are incidental to the alleged wrongful discharge; whether or not the alleged discharge is "wrongful" depends upon the terms of the applicable collective bargaining agreement provide grounds for discharge. See *Newberry v. Pacific Racing Ass'n* (9th Cir. 1988) 854 F2d 1142, 1147, California Practice Guide, *Federal Civil Procedure Before Trial,* (2008) TRG, 2:745. As pled, the Seventh Cause of Action puts forth a state law claim that is "inextricably intertwined with consideration of the terms of the labor contract." See *Allis-Chalmers Corp. v. Lueck* (1985) 471 US 202, 213, 105 S.Ct. 1904, 1912, *Cramer v. Consolidated Freightways, Inc.* (9th Cir. 2001) 255 F.3d 683 (en banc). Because Plaintiffs' Seventh Cause of Action requires interpretation of the Collective Bargaining Agreement and because it is therefore completely preempted by federal law, Plaintiffs' Seventh Cause of Action should be dismissed.

Plaintiffs' Eighth Cause of Action should be dismissed: Paragraph 79 of the Complaint alleges that "Defendant Grogan falsified events and accused Brown of a crime in an effort to terminate him or force him to resign and made knowingly false statements to third parties regarding the personnel file of Brown." Plaintiffs' Eighth Cause of Action requires interpretation of the Collective Bargaining Agreement. State law defamation claims based on an employer's statements may require interpretation of the applicable collective bargaining agreement because such statements and communications may have been made in relation to the grievance proceedings or in communications required by the collective bargaining agreement. See, e.g., *Tellez v. Pacific Gas & Elec. Co., Inc.* (9th Cir. 1987) 817 F.2d 536, 538. As pled, the Eighth Cause of Action puts forth a state law claim that is "inextricably intertwined with consideration of the terms of the labor contract." See *Allis-Chalmers Corp. v. Lueck* (1985) 471 US 202, 213, 105 S.Ct. 1904, 1912, *Cramer v. Consolidated Freightways, Inc.* (9th Cir. 2001) 255 F.3d 683

(en banc). Because Plaintiffs' Eighth Cause of Action requires interpretation of the Collective Bargaining Agreement and because it is therefore completely preempted by federal law, Plaintiffs' Eighth Cause of Action should be dismissed.

Plaintiffs' Tenth Cause of Action should be dismissed: The Tenth Cause of Action alleges retaliation on the part of all defendants as to all plaintiffs and Paragraph 85 of the Complaint alleges that "Defendants' [sic] responded by criticism, demotion, unfavorable reassignment and termination, both actual and constructive, of plaintiffs, all of which is unlawful." Paragraph 85 states that as a proximate result of the Defendants' conduct that "Plaintiffs continue to suffer emotional distress, humiliation, mental and physical injury in an amount according to proof." Plaintiffs' Tenth Cause of Action requires interpretation of the Collective Bargaining Agreement. Claims of emotional distress may require interpretation of the applicable collective bargaining agreement because such claims are incidental to the alleged wrongful discharge; whether or not the alleged discharge is "wrongful" depends upon the terms of the applicable collective bargaining agreement provide grounds for discharge. See *Newberry v. Pacific Racing Ass'n* (9th Cir. 1988) 854 F2d 1142, 1147, California Practice Guide, *Federal Civil Procedure Before Trial,* (2008) TRG, 2:745. The Complaint alleges in Paragraph 26 that Plaintiff Reed was "Without any verbal or written warning regarding his job performance, *in violation of his employment agreement* with CWS Reed was wrongfully terminated thirteen days prior to the end of his probationary period (emphasis added)." Claims by probationary employees may require interpretation of the applicable collective bargaining agreement because a union can waive the job security rights of probationary employees in order to obtain job security for more senior employees. *Hollis v. Kaiser Found. Hosps.* (9th Cir. 1984) 727 F2d 823, 825, California Practice Guide, *Federal Civil Procedure Before Trial,* (2008) TRG, 2:741. As pled, the Tenth Cause of Action puts forth a state law claim that is "inextricably intertwined with consideration of the terms of the labor contract." See *Allis-Chalmers Corp. v. Lueck* (1985) 471 US 202, 213, 105 S.Ct. 1904, 1912, *Cramer v. Consolidated Freightways, Inc.* (9th Cir. 2001) 255 F.3d 683 (en banc). Because Plaintiffs' Tenth Cause of Action requires interpretation of the Collective

17

Bargaining Agreement and because it is therefore completely preempted by federal law, Plaintiffs' Tenth Cause of Action should be dismissed.

### D.     PLAINTIFFS HAVE FAILED TO ALLEGE AND CANNOT ALLEGE THAT THEY EXHAUSTED ALL THEIR REMEDIES UNDER THE CBA

Unless the court converts a Rule 12(b)(6) motion into a summary judgment motion, or the defense is apparent from matters of which a court may take judicial notice, the court cannot consider material outside the complaint (e.g., facts presented in briefs, affidavits or discovery materials). *Arpin v. Santa Clara Valley Transp. Agency* (9th Cir. 2001) 261 F3d 912, 925; California Practice Guide, *Federal Civil Procedure Before Trial,* (2008) TRG, 9:211. Here, the Plaintiffs have failed to allege in their Complaint that they have exhausted all their remedies under the collective bargaining agreement, which is attached to Plaintiffs' Complaint as Exhibit A.

In *Young v. Anthony's Fish Grottos, Inc.,* supra, union employees sued their employer in state court for wrongful discharge. The case was properly removed to federal court because the state law claims *were completely preempted* by the claim provided under federal labor law. Labor Management Relations Act §301; California Practice Guide, *Federal Civil Procedure Before Trial,* (2008) TRG, 2:725. The federal claim was, however, *barred* by the employee's failure to exhaust the grievance procedure under the collective bargaining agreement (or to assert the claim within the statute of limitations). Accordingly, summary judgment in favor of the employer was proper. See *Young v. Anthony's Fish Grottos, Inc.*, supra, 830 F2d 993 at 999; California Practice Guide, *Federal Civil Procedure Before Trial,* (2008) TRG, 2:725.

*Dismissal*, not remand, is appropriate where, after removal based on complete preemption, a claim within the exclusive jurisdiction of federal court fails. See *Dielsi v. Falk* (CD CA 1996) 916 F.Supp.985, 993-994; *Peters v. Union Pac. R. Co.* (8th Cir. 1996) 80 F.3d 257, 262—claim preempted but dismissed for failure to exhaust remedies; California Practice Guide, *Federal Civil Procedure Before Trial,* (2008) TRG, 2:726.14a.

Here, Plaintiffs' Complaint never alleges that *any* of the Plaintiffs participated in the grievance process outlined in the pertinent collective bargaining agreement. Paragraphs 1–33 of the Complaint each fail to allege that any of the Plaintiffs exhausted their remedies under the grievance and/or arbitration articles of the collective bargaining agreement. Paragraph 30 of the Complaint alleges that Plaintiff "Brown previously filed a claim against CWS and prevailed at arbitration." However, the Complaint filed by Plaintiffs is silent regarding any grievance or arbitration relating to the issues, allegations and/or to the causes of action contained in the Complaint.

Even statutory discrimination claims must be submitted to arbitration where the collective bargaining agreement contains an arbitration clause that "clearly and unmistakably" covers all federal causes of action arising out of employment. *Wright v. Universal Maritime Service Corp.* (1998) 525 US 70, 80, 119 S.Ct. 391, 396; California Practice Guide, *Employment Litigation,* (2007) TRG, 16:356. A collective bargaining agreement that expressly requires arbitration of the union members' statutory discrimination claims waives their right to sue individually on such claims. *Carson v. Giant Food, Inc.* (4th Cir. 1999) 175 F3d 325, 331-332; *Bratten v. SSI Services, Inc.* (6th Cir. 1999) 185 F3d 625, 631; California Practice Guide, *Employment Litigation,* (2007) TRG, 16:357.

## E.     IN THE ALTERNATIVE, PLAINTIFFS' CLAIM IS SUBJECT TO MANDATORY ARBITRATION UNDER THE CBA

Similarly, the Plaintiffs each fail to allege that any of them submitted any of their grievances to arbitration as required under the relevant collective bargaining agreement. Paragraph 30 of the Complaint alleges that Plaintiff "Brown previously filed a claim against CWS and prevailed at arbitration." Complete preemption of state law is necessary because it ensures uniform interpretation of labor agreements (*Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of America v. Lucas Flour Co.* (1962) 369 US 95, 103-104) and because preemption *assures that arbitration provisions of collective bargaining agreements* will be given the same effect in federal and state courts; i.e., so that labor law grievances "remain

firmly in the arbitral realm." *Lingle v. Norge Div. of Magic Chef* (1988) 486 US 399, 411, 108 S.Ct. 1877, 1884; California Practice Guide, *Federal Civil Procedure Before Trial,* (2008) TRG, 2:731. At least one of the Plaintiffs, Plaintiff Brown, had successfully resolved a grievance prior to the filing of this Complaint. However, the Plaintiffs fail to allege that they have exhausted their remedies under the collective bargaining agreement prior to filing the Complaint, and also fail to provide any justification for failing to comply with the requirements of the collective bargaining agreement regarding grievances.

Even statutory discrimination claims must be submitted to arbitration where the collective bargaining agreement contains an arbitration clause that "clearly and unmistakably" covers all federal causes of action arising out of employment. *Wright v. Universal Maritime Service Corp.* (1998) 525 US 70, 80, 119 S.Ct. 391, 396; California Practice Guide, *Employment Litigation,* (2007) TRG, 16:356. A collective bargaining agreement that expressly requires arbitration of the union members' statutory discrimination claims waives their right to sue individually on such claims. *Carson v. Giant Food, Inc.* (4th Cir. 1999) 175 F3d 325, 331-332; *Bratten v. SSI Services, Inc.* (6th Cir. 1999) 185 F3d 625, 631; California Practice Guide, *Employment Litigation,* (2007) TRG, 16:357.

Article 14, Grievance Proceedure, of the "Agreement between Brotherhood of Teamsters, Local No. 70 and California Waste Solutions" states that "[t]he grievance procedure is intended to be the primary forum for resolution of any grievance, money claim or dispute arguably covered by the collective bargaining agreement, and the exclusive forum to the fullest extent permitted by law." See Exhibit A of the Complaint. Even statutory discrimination claims must be submitted to arbitration where the collective bargaining agreement contains an arbitration clause that "clearly and unmistakably" covers all federal causes of action arising out of employment. *Wright v. Universal Maritime Service Corp.* (1998) 525 US 70, 80, 119 S.Ct. 391, 396; California Practice Guide, *Employment Litigation,* (2007) TRG, 16:356.

///

20

1

2

### F.   TO THE EXTENT THAT THEIR EMPLOYMENT REMEDIES ARE EXCLUSIVE UNDER THE CBA, PLAINTIFFS' CLAIMS MUST BE DISMISSED

3

4

5

Here, the Plaintiffs have failed to allege in their Complaint that they have exhausted all their remedies under the collective bargaining agreement, which is attached to Plaintiffs' Complaint as Exhibit A.

6

7

8

9

10

11

12

13

14

In *Young v. Anthony's Fish Grottos, Inc.,* supra, union employees sued their employer in state court for wrongful discharge. The case was properly removed to federal court because the state law claims *were completely preempted* by the claim provided under federal labor law. Labor Management Relations Act §301; California Practice Guide, *Federal Civil Procedure Before Trial,* (2008) TRG, 2:725. The federal claim was, however, *barred* by the employee's failure to exhaust the grievance procedure under the collective bargaining agreement (or to assert the claim within the statute of limitations). Accordingly, summary judgment in favor of the employer was proper. See *Young v. Anthony's Fish Grottos, Inc.*, supra, 830 F2d 993 at 999; California Practice Guide, *Federal Civil Procedure Before Trial,* (2008) TRG, 2:725.

15

16

17

18

19

*Dismissal*, not remand, is appropriate where, after removal based on complete preemption, a claim within the exclusive jurisdiction of federal court fails. See *Dielsi v. Falk* (CD CA 1996) 916 F.Supp.985, 993-994; *Peters v. Union Pac. R. Co.* (8th Cir. 1996) 80 F.3d 257, 262—claim preempted but dismissed for failure to exhaust remedies; California Practice Guide, *Federal Civil Procedure Before Trial,* (2008) TRG, 2:726.14a.

20

21

22

23

24

25

26

27

Here, Plaintiffs' Complaint never alleges that *any* of the Plaintiffs participated in the grievance process outlined in the pertinent collective bargaining agreement. Paragraphs 1–33 each fail to allege that any of the Plaintiffs exhausted their remedies under the grievance and/or arbitration articles of the collective bargaining agreement. Paragraph 30 of the Complaint alleges that Plaintiff "Brown previously filed a claim against CWS and prevailed at arbitration." However, the Complaint filed by Plaintiffs is silent regarding any grievance or arbitration relating to the issues, allegations and/or to the causes of action contained in the Complaint. Even statutory discrimination claims must be submitted to arbitration where the collective bargaining

28

1   agreement contains an arbitration clause that "clearly and unmistakably" covers all federal

2   causes of action arising out of employment. *Wright v. Universal Maritime Service Corp.* (1998)

3   525 US 70, 80, 119 S.Ct. 391, 396; California Practice Guide, *Employment Litigation,* (2007)

4   TRG, 16:356. A collective bargaining agreement that expressly requires arbitration of the union

5   members' statutory discrimination claims waives their right to sue individually on such claims.

6   *Carson v. Giant Food, Inc.* (4th Cir. 1999) 175 F3d 325, 331-332; *Bratten v. SSI Services, Inc.*

7   (6th Cir. 1999) 185 F3d 625, 631; California Practice Guide, *Employment Litigation,* (2007)

8   TRG, 16:357.

9       Article 14, Grievance Proceedure, of the "Agreement between Brotherhood of Teamsters,

10  Local No. 70 and California Waste Solutions" states that "[t]he grievance procedure is intended

11  to be the primary forum for resolution of any grievance, money claim or dispute arguably

12  covered by the collective bargaining agreement, and the exclusive forum to the fullest extent

13  permitted by law." See Exhibit A of the Complaint. Even statutory discrimination claims must be

14  submitted to arbitration where the collective bargaining agreement contains an arbitration clause

15  that "clearly and unmistakably" covers all federal causes of action arising out of employment.

16  *Wright v. Universal Maritime Service Corp.* (1998) 525 US 70, 80, 119 S.Ct. 391, 396;

17  California Practice Guide, *Employment Litigation,* (2007) TRG, 16:356.

18  **G.    PLAINTIFF DICKERSON'S CLAIMS FOR HOSTILE WORK
19        ENVIRONMENT AND SEXUAL BATTERY DO NOT RISE TO THE
      LEVEL OF ACTIONABLE CLAIMS; HORSEPLAY DOES NOT EQUAL
20        "HARRASSMENT."**

21      Genuine but innocuous interactions in the workplace are not actionable. Simple "teasing"

22  and offhand comments do not amount to discriminatory changes in the terms and conditions of

23  employment. *Faragher v. City of Boca Raton* (1998) 524 US 775, 787, 118 S.Ct. 2275, 2283;

24  California Practice Guide, *Employment Litigation,* (2007) TRG, 10:162. "[T]he ordinary

25  tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes,

26  and occasional teasing" is not actionable harassment. *Faragher v. City of Boca Raton* (1998) 524

27  US 775, 788, 118 S.Ct. 2275, 2284; California Practice Guide, *Employment Litigation,* (2007)

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO
F.R.C.P Rule 12(b)(6)
CASE NO. CV 08 3773 WDB**

TRG, 10:163  "Isolated instances (unless extremely serious) will not amount to a discriminatory change in the terms and conditions of employment." *Faragher v. City of Boca Raton* (1998) 524 US 775, 788, 118 S.Ct. 2275, 2283; California Practice Guide, *Employment Litigation,* (2007) TRG, 10:165.

The nature of the misconduct (e.g. whether mere comments or "sexual horseplay" or a sexual assault) is clearly relevant to whether a hostile environment exists. *Candelore v. Clark County Sanitation Dist.* (9th Cir. 1992) 975 F2d 588, 590—isolated instances of "sexual horseplay" over a period of years not sufficiently egregious to render work environment hostile; California Practice Guide, *Employment Litigation,* (2007) TRG, 10:174. In *Brooks v. City of San Mateo*, (9th Cir. 2000) 229 F3d 917, the district court held that a single instance of fondling, though "highly reprehensible" and "unsavory" did not rise to the level of severity and pervasiveness required to constitute a hostile work environment under federal law. The court of appeal, in a decision where employers gained protection from single-episode harassment claims, affirmed the district court's grant of summary judgment for the defendant. *Brooks v. City of San Mateo*, supra, 229 F3d at p. 923. In *Linville v. Sears, Roebuck & Co.,* (8th Cir. 2003) 335 F3d 822, the lower court granted summary judgment against a male plaintiff who sued for same-sex harassment after a coworker, in an act of horseplay, hit the plaintiff in the crotch several times. On appeal the judgment was upheld because the plaintiff failed to present evidence that the coworker's actions were based on sex or gender. *Linville v. Sears, Roebuck & Co.,* supra, 335 F3d at p. 826.

Here, in Paragraphs 18 and 19 of their Complaint, the Plaintiffs allege that, on December 6, 2007, Defendant Ramirez "grabbed [Plaintiff Dickerson] inappropriately on his backside" and that "[l]ater that same day, while Dickerson was preparing to go home, Defendant Ramirez, in the presence of others including employees of CWS, again engaged in inappropriate touching by jumping on the back of Plaintiff Dickerson's motorcycle, while Dickerson was about to pull off and attempted to grab and touch Dickerson between his legs." These allegations of horseplay, taking place on the same day, do not rise to the level of severity and pervasiveness to be

23

actionable, nor can they, under the relevant case law, be construed to constitute a hostile work environment. Therefore, the First, Second, Fourth, Seventh and Tenth Causes of Action must be dismissed.

### H.     PLAINTIFFS DO NOT ALLEGE AND CANNOT ALLEGE THAT THEY EXHAUSTED ALL THEIR ADMINISTRATIVE REMEDIES

While employees need not exhaust the employer's internal grievance process under Title VII or the Fair Employment and Housing Act (FEHA), the employee does need to exhaust the administrative remedy under these statutes by obtaining the appropriate right-to-sue letter from the Equal Employment Opportunity Commission (EEOC) or the Department of Fair Employment and Housing (DFEH). *EEOC v. Hacienda Hotel* (9th Cir. 1989) 881 F2d 1504, 1516 (Title VII action) (overruled on other grounds in *Burrell v Star Nursery, Inc.,* (9th Cir. 1999) 170 F3d 951); *Schifando v. City of Los Angeles* (2003) 31 C4th 1074, 1080, 6 CR3d 457, 459 (FEHA action); California Practice Guide, *Employment Litigation,* (2007) TRG, 16:371.

Here, the Plaintiffs have failed to allege in their Complaint that they have exhausted all their administrative remedies.

### I.     PLAINTIFF REED'S CLAIM MUST BE DISMISSED, AS HE ADMITS IN HIS COMPLAINT THAT HE WAS TERMINATED PURSUANT TO THE TERMS OF HIS PROBATION; HE WAS AN AT-WILL EMPLOYEE

The Complaint alleges in Paragraph 26 that Plaintiff Reed was "Without any verbal or written warning regarding his job performance, *in violation of his employment agreement* with CWS Reed was wrongfully terminated thirteen days prior to the end of his probationary period (emphasis added)." As a new employee Plaintiff Reed was serving a probationary period, and as such, was an at-will employee. Claims by probationary employees may require interpretation of the applicable collective bargaining agreement because a union can waive the job security rights of probationary employees in order to obtain job security for more senior employees. *Hollis v. Kaiser Found. Hosps.* (9th Cir. 1984) 727 F2d 823, 825, California Practice Guide, *Federal Civil Procedure Before Trial,* (2008) TRG, 2:741. As pled, the Tenth Cause of Action puts forth a state law claim that is "inextricably intertwined with consideration of the terms of the labor

contract." See *Allis-Chalmers Corp. v. Lueck* (1985) 471 US 202, 213, 105 S.Ct. 1904, 1912, *Cramer v. Consolidated Freightways, Inc.* (9th Cir. 2001) 255 F.3d 683 (en banc). Because Plaintiff Reed's allegations require interpretation of the Collective Bargaining Agreement and because they are therefore completely preempted by federal law, Plaintiff Reed's allegations should be dismissed.

### J.    PLAINTIFFS' DEMAND FOR ATTORNEYS' FEES MUST BE STRICKEN

A motion to strike may be used to strike the prayer for relief where the damages sought are not recoverable as a matter of law. Prayers for attorney fees in actions where these are not recoverable as a matter of law, are properly the subject of a motion to strike. *Wilkerson v. Butler* (ED CA 2005) 229 FRD 166, 172 (citing text); California Practice Guide, *Federal Civil Procedure Before Trial,* (2008) TRG, 9:390. Here, no attorney's fees are recoverable because the state law claims for violation of public policy must be dismissed. All other claims upon which a claim for reasonable attorney's fees and/or costs must, as well, be dismissed, and therefore attorney's fees and/or costs are not recoverable as a matter of law. *Wilkerson v. Butler* (ED CA 2005) 229 FRD 166, 172 (citing text); California Practice Guide, *Federal Civil Procedure Before Trial,* (2008) TRG, 9:390.

### III.    CONCLUSION

For the foregoing reasons, the Court is respectfully requested to issue an order dismissing the plaintiff's complaint, without leave to amend. In the alternative, if any claims are deemed to be viable, then they are subject to mandatory arbitration and this Court is respectfully requested to order that all remaining claims be ordered to arbitration.

Dated: August 12, 2008                           LAW OFFICES OF WALLACE C. DOOLITTLE


_____/S/_____

Wallace C. Doolittle, Esq.,
Attorneys for all Defendants

25

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO
F.R.C.P Rule 12(b)(6)
CASE NO. CV 08 3773 WDB

1  WALLACE C. DOOLITTLE, ESQ. (SBN 158116)
   BRADLEY D. BAYAN, ESQ. (SBN 218751)
2  JOHN A. SWEENEY, ESQ. (SBN 164528)
   **LAW OFFICES OF WALLACE C. DOOLITTLE**
3  1260 B Street, Suite 220
   Hayward, California 94541
4
   TELEPHONE: (510) 888-0600
5  FACSIMILE:  (510) 888-0606
   EMAIL:        doolittlew@doolittlelaw.com
6
7  Attorneys for Defendants CALIFORNIA WASTE SOLUTIONS, INC., a California corporation
   (sued incorrectly herein as "CAL WASTE SOLUTIONS"), JIMMY DUONG, RUTH LIU (sued
8  incorrectly as "RUTH LUI"), OSCAR RAMIREZ, STAN BEALE (sued incorrectly herein as
   "STAN BEAL") and RICH GROGAN
9
10
                          UNITED STATES DISTRICT COURT
11
                        NORTHERN DISTRICT OF CALIFORNIA
12
                                (Oakland Division)
13

14 REGINALD DICKERSON, LLOYD HALL,        Case No.  **CV 08  3773 WDB**
15 BRANDON REED AND HARRISON
   BROWN,
16                                         **[PROPOSED] ORDER GRANTING
                                           MOTION TO DISMISS PURSUANT TO
17         Plaintiffs,                     F.R.C.P. 12(B)(6), OR, IN THE
                                           ALTERNATIVE, TO COMPEL
18 v.                                      ARBITRATION**

19  CAL WASTE SOLUTIONS, JIMMY
   DUONG, RUTH LUI, OSCAR RAMIREZ,         Date:  October 2, 2008
20 STAN BEAL, RICH GROGAN and DOES 1-      Time:  1:30 p.m.
   50,                                     Dept:  Courtroom 4, 3rd Floor, 1301 Clay
21                                         Street, Oakland, CA  94612
22         Defendants.
23
24                                         Complaint filed:  July 18, 2008
                                           Trial date:  None
25
26
27
28                                        1

   ─────────────────────────────────────────────────────────
   [PROPOSED] ORDER GRANTING MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION
   COMPELLING ARBITRATION, PURSUANT TO F.R.C.P Rule 12(b)(6)
   CASE NO. CV 08  3773  WDB

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Motion of Defendants pursuant to F.R.C.P., Rule 12(b)(6) to dismiss, or, in the alternative, to compel arbitration, came on regularly for hearing on October 2, 2008 in Courtroom 4, 3rd Floor, located at 1301 Clay Street, Oakland, CA 94612 before the Honorable Judge _____ presiding.  Wallace C. Doolittle appeared on behalf of all Defendants. Angela Morgan appeared on behalf of Plaintiffs.

Good cause appearing therefore, the Court, hereby makes the following findings and order:

(1)    Plaintiffs' First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Tenth Cause of Action are hereby dismissed as, among other things, Plaintiffs have failed to exhaust their grievance remedies under the Teamsters Collective Bargaining Agreement, these Plaintiffs have failed to allege exhaustion of their administrative remedies, and have further failed to state legally cognizable causes of action for sexual harassment, hostile work environment and sexual battery;

[or]

(2)    arbitration is mandatory under the Collective Bargaining Agreement and therefore although the Court is not inclined to dismiss this matter, the Court is nevertheless orders the matter to arbitration. The matter is therefore stayed and held in abeyance.

Dated: _____, 2008

_____
Judge of the United States District Court
Northern District of California

**[PROPOSED] ORDER GRANTING MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION COMPELLING ARBITRATION, PURSUANT TO F.R.C.P Rule 12(b)(6)**
**CASE NO.  CV 08  3773  WDB**

1  WALLACE C. DOOLITTLE (SBN 158116)
   BRADLEY D. BAYAN (SBN 218751)
2  **LAW OFFICES OF WALLACE C. DOOLITTLE**
   1260 B Street, Suite 220
3  Hayward, California  94541

4  TELEPHONE: (510) 888-0600
   FACSIMILE:  (510) 888-0606
5  EMAIL:       doolittlew@doolittlelaw.com

6  Attorneys for Defendants

7                    UNITED STATES DISTRICT COURT

8                    NORTHERN DISTRICT OF CALIFORNIA
9
                          (Oakland Division)
10

11

12  REGINALD DICKERSON, LLOYD HALL,        Case No. CV 08 3773 WDB
    BRANDON REED and HARRISON BROWN,
13

14              Plaintiffs,               PROOF OF SERVICE BY E-MAIL WITH
                                          A COPY BY MESSENGER
15  v.

16  CAL WASTE SOLUTIONS, JIMMY DUONG,
    RUTH LIU, OSCAR RAMIREZ, STAN
17  BEAL, RICH GROGAN and DOES 1-50

18
                Defendants,
19

20

21

22

23

24

25

26

27

28

                                    i

**PROOF OF SERVICE BY E-MAIL WITH COPY BY MESSENGER**

I, the undersigned, declare:

I am employed in the City of Hayward and County of Alameda, State of California. I am over the age of 18 and not a party to the within entitled cause; my business address is 1260 B Street, Suite 220, Hayward, California 94541.   On **August 12, 2008**, I served the foregoing document(s) entitled:

**NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)6, OR, IN THE ALTERNATIVE, MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES; PROPOSED ORDER; DECLINATION TO PROCEED BEFORE UNITED STATES MAGISTRATE**

on the person(s)/attorney(s) of record in said cause by serving them by e-mail, with a hard-copy to be delivered by messenger on August 13, 2008 to:

Angela L. Morgan, Esq.
MORGAN & ASSOCIATES
7677 Oakport Street, #1050
Oakland, CA 94621-1932

e-mail: almorgan@sbcglobal.net

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on **August 12, 2008**, at Hayward, California.

Wallace C.  Doolittle, Esq.