United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD DICKERSON, LLOYD HALL, BRANDON REED, and HARRISON BROWN,<br><br>Plaintiffs,<br><br>v.<br><br>CAL WASTE SOLUTIONS, JIMMY DUONG, RUTH LIU, OSCAR RAMIREZ, STAN BEALE, RICH GROGAN, and DOES 1–50,<br><br>Defendants.<br>_____/ | No. C 08-03773 WHA<br><br>**ORDER DENYING MOTION TO STAY** |

In this discrimination and collective bargaining agreement action, defendants' request that this action be stayed. For the reasons stated below, defendants' motion to stay the proceedings as to all claims pending arbitration is **DENIED**.

In an order on November 25, 2008, plaintiffs' second (breach of contract) and fourth (breach of the covenant of good faith and fair dealing) claims were determined to be claims seeking to enforce the collective bargaining agreement, and therefore this matter with respect to claims two and four was stayed pending arbitration. The Court denied defendants' motion to dismiss plaintiffs' remaining claims, including claims for hostile work environment, retaliation, violation of public policy, constructive termination, unlawful termination, defamation, sexual battery, and emotional distress. In the November 25, 2008 order, the Court directed plaintiffs to "show cause in detail why this entire case should not be stayed pending exhaustion of all

possible claims under the collective bargaining agreement." (Dkt 50).  On December 11, 2008, plaintiffs filed an "opposition" to the Court's order to show cause, and defendants later filed a response to plaintiffs' opposition.  Defendants request an order staying further proceedings in the action pending the outcome of arbitration proceedings on claims two and four.  In light of the numerous parties and claims that would not be subject to arbitration, defendants' request to stay the entire action pending arbitration is **DENIED**.

Defendants also filed a motion for summary judgment.  While plaintiffs' filed an opposition, it lacked any supporting affidavits or declarations providing specific facts to oppose defendants' motion.  Pursuant to FRCP 56(f)(2), plaintiffs' counsel did file a declaration requesting a continuance of the hearing on the motion for summary judgment and time for plaintiffs to complete certain discovery, including deposition of individual defendants.  Plaintiffs' counsel presumably requests a continuance until after the last noted deposition on March 10, 2009.  Counsel, however, has not specified reasons why the hearing on the motion must be put off so long.  If plaintiffs need more discovery, then plaintiffs must provide a Rule 56(f) affidavit that fully explains the reasons the discovery is necessary to oppose summary judgment.  Plaintiffs have 21 days from the date of this order to file a supplemental opposition with supporting affidavits or declarations to defendants' motion for summary judgment, and defendants have 10 days thereafter to file a supplemental reply.  The motion for summary judgment is deemed to be submitted on the papers.

**IT IS SO ORDERED.**

Dated: January 21, 2009

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2