IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

REGINALD DICKERSON, LLOYD
HALL, BRANDON REED, AND
HARRISON BROWN,

    Plaintiffs,

  v.

CAL WASTE SOLUTIONS, JIMMY
DUONG, RUTH LUI, OSCAR RAMIREZ,
STAN BEALE, RICH GROGAN, and
DOES 1–50,

    Defendants.

No. C 08-03773 WHA

**ORDER DENYING
DEFENDANTS' MOTION
FOR PARTIAL
SUMMARY JUDGMENT
OR FOR JUDGMENT
ON THE PLEADINGS**

**INTRODUCTION**

In this race discrimination action, defendants move for summary judgment or judgment on the pleadings for the following claims:

- Plaintiff Harrison Brown's seventh claim for wrongful termination against defendants Cal Waste Solutions and Jimmy Duong, and his third claim for retaliation and fifth claim for violation of public policy against all defendants;

- Plaintiff Brandon Reed's seventh claim for wrongful termination against defendants Cal Waste Solutions and Jimmy Duong; and

1          •       Plaintiff Reginald Dickerson's eighth claim for defamation against
2                  defendants Stan Beale and Rich Grogan.
For the following reasons, summary judgment is **DENIED**.

### STATEMENT

The following facts are not in dispute. Plaintiff Harrison Brown was a truck driver for Cal Waste Solutions, Inc., until August 11, 2008. As a condition of his employment, plaintiff Brown was required to maintain a current commercial driver's license. Plaintiff Brown was terminated on August 11, 2008, which defendants claim was due to their discovery of plaintiff Brown's suspended license for a driving under the influence violation. At that point, an automatic union grievance process regarding plaintiff Brown's termination took place. Plaintiff Brown had notice of two separate hearings in which he could dispute his termination, but attended neither. He was tried in absentia, and the termination was upheld.

Plaintiff Brandon Reed was a truck driver for Cal Waste Solutions from June 16, 2007, until his termination on January 3, 2008.

Plaintiff Reginald Dickerson began employment with Cal Waste Solutions on September 14, 2000, as a truck driver, and is still employed there. One of his supervisors was defendant Jimmy Duong. Sometime in September 2007, defendant Oscar Ramirez became his supervisor.

The parties disagree on much of the facts surrounding the allegations. Each plaintiff claims that during their time at Cal Waste Solutions they were subjected to various racial slurs and epithets. They claim that they were called names such as "black ass," "nigger," and "black cry baby," particularly by defendant Oscar Ramirez. Plaintiff Brown also claims that his treatment and subsequent termination was retaliatory due to previous actions he took against the company. Defendants reply that plaintiff Brown was terminated due to his having a suspended license, while plaintiff Brown claims his license was not suspended while with Cal Waste Solutions. Each party offers contradictory documents purportedly from the Department of Motor Vehicles.

2

1     Plaintiff Reed argues that he was terminated because he became friendly with the other
2 African American drivers, because he himself was black, and because he witnessed defendant
3 Ramirez make sexual advances towards plaintiff Dickerson. Defendants reply that plaintiff Reed
4 was terminated at the end of his probation because he "did not cut it."

5     Plaintiff Dickerson argues that defendants failed to intervene in an appropriate manner
6 after defendant Ramirez made unwanted sexual advances toward him. These advances included
7 unwanted physical contact and sexually and racially offensive words, which subjected him to
8 alleged ridicule.[1]

## ANALYSIS

10    A party moving for summary judgment who does not have the ultimate burden of
11 persuasion at trial, as is the case here, has the initial burden of producing evidence negating an
12 essential element of the non-moving parties' claims or showing that the non-moving parties do
13 not have enough evidence of an essential element to carry its ultimate burden of persuasion at
14 trial. *Nissan Fire & Marin Ins. Co. v. Fritz Cos.,* 210 F.3d 1099, 1102 (9th Cir. 2000). If the
15 moving party does not satisfy its initial burden, the non-moving party has no obligation to
16 produce anything. If, on the other hand, the burden is met by the moving party, the non-moving
17 party must show there is a genuine issue of material fact for trial.

18    **1.    PLAINTIFF BROWN'S THIRD, FIFTH, AND SEVENTH CLAIMS.**

19    Defendants argue that their motion for summary judgment on plaintiff Brown's claims
20 of unlawful termination, retaliation, and violation of public policy should be granted because the
21 evidence shows that, even if there was discrimination, they would have terminated him from his
22 position as truck driver for lawful reasons. Plaintiffs apparently agree with defendants that there

---

[1] Defendants objected to and filed a motion to strike nearly the entirety of each of plaintiff Brown's, Reed's, and Dickerson's declarations. Most of the objections are frivolous, and in any event, all of the evidence relied upon in this order is admissible evidence. When necessary, the objections are handled in relevant portions of the order.

3

1 is no claim for wrongful termination if the employer would have made the same decision even if
2 it had not taken the alleged illegitimate reason into account.[2]

3 Defendants claim that the evidence shows that they received a notice from the DMV on
4 July 23, 2008, informing them that plaintiff Brown's license had been suspended as of July 1,
5 2008, for a "driving under the influence" violation, and when he failed to explain the suspension,
6 they rightfully terminated him. A copy of this notice appears as an exhibit to Supervisor
7 Gorgan's declaration and on its face seems persuasive.

8 Plaintiff Brown, however, has also submitted a document that is also purportedly from
9 the DMV that shows his license was *not* suspended as of July 16, 2008. This date would have
10 been two weeks after defendants' document states he was cited for the DUI. In view of the
11 dueling DMV documents, the Court is unable to find as a matter of law that one is correct and
12 the other is not. While "explanations" are made as to the apparent inconsistency, it is not the
13 role of the Court to make credibility determinations. No one bothered to depose the DMV to
14 get to the bottom of the apparent inconsistency. Generally, the document submitted in Grogan's
15 declaration would supply a good faith reason for the termination of plaintiff Brown. But the
16 document submitted by plaintiff Brown would supply an arguable basis for a reasonable jury to
17 conclude that defendant Grogan's document was not authentic. This order is *not* saying that
18 defendant Grogan's document is forged, but giving the contradictory nature of the documents,
19 the Court must resolve this dispute in favor of the non-moving party. Defendants, to date, have
20 done nothing to explain the discrepancy in the two documents, such as deposing a DMV official
21 regarding the mode of preparation of the documents or anything of the like. This creates a
22 genuine issue of material fact as to whether defendants truly fired plaintiff Brown for legitimate
23 reasons.

24 Defendants also argue that plaintiff Brown's statements in his declaration contradict his
25 deposition testimony, thus making it a sham declaration. Sham declarations can be stricken to

---

[2] Plaintiffs merely state in their supplemental opposition that defendants have no evidence that they did not terminate plaintiff Brown for lawful reasons, which this order interprets as an agreement with defendants' correct assertion of the law. The substance of plaintiffs' statement is obviously inaccurate, as defendants have provided a DMV document that is evidence of justification for a lawful termination.

4

the extent of the contradiction, but the contradiction must be direct and clear-cut, not merely a partial inconsistency. *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). This order finds that plaintiff Brown's statements in his declaration are only a partial inconsistency with the declaration. During the deposition, the questioner attempted to commit plaintiff Brown to only a handful of racists remarks made before 2006, which would make the action barred by the statute of limitations (Brown Dep. 151). But when asked if there was anything else that happened, plaintiff Brown replied "[p]robably" (*ibid.*). The additional statements plaintiff Brown discusses in his declaration, such as the "black crybaby" comment, could be one of those "probable" events that plaintiff Brown referenced at the deposition. The declaration, therefore, is not a sham declaration. It creates a genuine issue of material fact as to whether plaintiff Brown was subject to wrongful termination, retaliation, and violation of public policy. There is enough of an inconsistency, however, that at trial, Brown's failure to remember the "black crybaby" and other similar comments can be used for impeachment.

With respect to res judicata and collateral estoppel for the common law claims, defendants argue that the mandatory grievance process — which plaintiff Brown failed to participate in — upheld the termination due to the apparent suspension of plaintiff Brown's driver's license. Because the "arbitration" process litigated the same issues presented by plaintiff Brown in this case, and arbitration proceedings do have a res judicata effect in certain circumstances for common law claims, defendants argue that the common law claims are barred.[3]

Evaluating this contention is difficult as the Collective Bargaining Agreement provided to the Court does not discuss any burdens of proof or standards regarding the grievance and arbitration process. In addition, the sole document presented by defendants regarding the outcome of the grievance process is a document that merely states that "the discharge was upheld" (Grogan Dec. Exh. H). It is impossible to tell whether the issues presented before the

---

[3] As defendants admit in their motion, "federal statutes contemplate that aggrieved employees shall have access to the courts, and require a clear waiver of the employee's right to sue on statutory claims against the employer . . ." (Br. 9), which defendants admit was not the case here. Defendants have raised no issues as to res judicata and collateral estoppel in regard to plaintiff's federal claims.

5

grievance committee tracks the issues that are presented under the state law claims at issue. Very likely, the standards and elements of proof are not the same. But at a minimum, defendants have not shown that they are the same. Moreover, the decision appears to be by a "grievance committee," and not an arbitration as contended by defendants. Although plaintiff has done an inadequate job at addressing this issue, the Court will not grant summary judgment due to the shortfalls in the summary judgment record. This will have to be sorted out at trial. Summary judgment is denied on this point.[4]

### 2. PLAINTIFF REED'S SEVENTH CLAIM.

In regard to plaintiff Brandon Reed's wrongful termination claim, defendants argue that they are entitled to summary judgment because Jimmy Duong is not an employer and because plaintiff Reed has only submitted a sham declaration as evidence.

Regarding defendant Duong, defendants have not met their burden in showing that an essential element is missing in plaintiff's claim. The parties agree that only an employer can be liable for wrongful termination in violation of public policy. Plaintiff Reed has provided a signed declaration stating that he overheard Jimmy Duong state that he was an owner, which would create the essential employer-employee relationship to sustain a wrongful termination action against defendant Duong. While that statement would generally be inadmissible hearsay, in this case it is non-hearsay as it is an admission by a party opponent under FRE 801(d)(2). Defendants, on the other hand, have only provided a declaration by defendant Grogan that he believes defendant Duong is a supervisory employee, which at best would only create a triable issue of fact as to defendant Duong's status in the company. Defendant Duong has not provided any declarations, and even if he had, the evidence plaintiff Reed has provided under oath would still create a genuine issue of material fact for a jury. Defendants have not met their burden in showing a lack of a genuine issue of material fact, and thus summary judgment is denied for defendant Duong.

---

[4] This order treats merits of the motion for summary judgment on these claims identically for both defendants CWS and Duong, as defendants treat them identically in their motion.

6

Regarding defendant Cal Waste Solutions, defendants assert that "Mr. Reed was simply a probationary employee who did not cut it" (Reply Br. 11). Obviously, plaintiff Reed disputes whether he "cut it," and the reasons for his termination are both the central issue for resolution and the central source of disagreement of the parties. The genuine issues of material fact that remain on this point are plain. As far as defendants' assertion that plaintiff Reed's declarations are a sham, those arguments fail for reasons similar to those of plaintiff Brown's. The argument that plaintiff Reed didn't *fully* understand comments made by defendant Ramirez in Spanish and that plaintiff Reed never had slurs said to his face do not undermine his declaration. Plaintiff Reed clearly states in his deposition that he heard racial slurs being made by defendants (Reed Dep. 121). Whether they were directed at him does not conflict with his assertion in his declaration that he was fired due to racial discrimination or his statement in his declaration that he "heard Oscar Ramirez, on several occasions, use derogatory words when referencing black drivers" (Reed Decl. ¶ 14).

Defendants' assertions that statements within plaintiff Reed's declaration are contradictory, and thus a sham, are without merit. Plaintiff Reed's statement that he kept quiet to keep his job, and then was fired because he refused to sit silent can be reconciled, as he could have initially kept quiet to keep his job and then was fired when he began to complain after the abuse became unbearable. Summary judgment is denied for defendant Cal Waste Solutions on this claim.

### 3. PLAINTIFF DICKERSON'S EIGHTH CLAIM.

Finally, defendants assert that defendants Beale and Grogan are entitled to summary judgment for plaintiff Dickerson's defamation claim. They assert that plaintiff Dickerson's complaint fails to allege with sufficient specificity the requisite intent for a defamation claim. In the alternative, defendants seek a judgment on the pleadings under FRCP 12(c).[5] As we are

---

[5] Defendants state in their motion that they are seeking summary judgment for defendants Grogan and Beale, but then state in their reply and supplemental reply that "[f]urthermore, all Defendants should be granted summary judgment on this claim." Regardless, defendants would have failed to meet their burden for any other defendants for summary judgment on this claim.

7

at the summary judgment stage and well beyond the pleading stage, the Court will not hear motions relating to the sufficiency of the pleadings.

For summary judgment,

> a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986).

Under *Celotex*, the burden is not high for defendants, but a burden on defendants does exist to identify the absence of a genuine issue of material fact. Instead of doing this, defendants only argue that the pleadings are insufficient. Plaintiffs' complaint meets the notice pleading requirements, and it raises issues of material fact for plaintiff Dickerson's defamation claim. Defendants point to no other evidence, whether it be declarations or affidavits, that support the motion for summary judgment on this claim. As defendants fail to meet their minimal burden of identifying why there is no genuine issue of material fact, summary judgment is denied.

## CONCLUSION

For the above reasons, summary judgment is **DENIED** for all claims. Please do not file any further motions for summary judgment on the issues above.

**IT IS SO ORDERED.**

Dated: April 30, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8