IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

REGINALD DICKERSON, LLOYD
HALL, BRANDON REED, and
HARRISON BROWN,

    Plaintiffs,

  v.

CAL WASTE SOLUTIONS, JIMMY
DUONG, RUTH LUI, OSCAR RAMIREZ,
STAN BEAL, RICH GROGAN, and
DOES 1–50,

    Defendants.
                                /

No. C 08-03773 WHA

**ORDER REGARDING
EXPERT DISCLOSURES**

1.    Under the case management order, the deadline to serve any "opening" expert report by a party with the burden of proof was June 30, 2009. Plaintiffs did not come even close to this deadline and have given no substantial justification for the failure. Hoping to reach a settlement was not a substantial justification (see paragraphs 4, 6, 12–14 of the case management order). That the other side was going to take medical exams of plaintiffs in no way excused the failure because any opening reports by plaintiffs would have been used in plaintiffs' case in chief well before any defense medical evidence. Certainly, the failure to serve a report is not harmless. Moreover, the reason the exams were late was because plaintiffs' counsel refused to make the plaintiffs available, necessitating a motion and court order. Therefore, plaintiffs are **PRECLUDED** from presenting any expert testimony in their case in chief.

2.      The next question is whether plaintiffs may present any rebuttal expert testimony (*after* the defense's case in chief) in response to any expert testimony presented in the defense's case in chief at trial. It turns out that defendants have also failed to file proper expert reports, although an unsworn letter was provided. The order compelling the medical exams neglected to provide a new deadline for filing the defense expert reports. Defense counsel should have brought this to the Court's attention or included one in their proposed form of order on the medical-exam ruling. The defense should, of course, be allowed to put in expert evidence based on the medical exams even if plaintiffs declined to put in an opening report, but the defense should not have an open-ended option to do so.

Consequently, this order sets **AUGUST 5, 2009, AT NOON**, as the deadline to serve any sworn Rule 26 defense expert report based on the medical exams, failing which no such defense expert testimony shall be allowed thereon. If the defense does provide any such reports, then plaintiffs may serve a reply report by **AUGUST 12, AT NOON**, subject to possible exclusion later for sandbagging by plaintiffs and, at all events, no such reply material may be presented (or mentioned in the opening statement) until the rebuttal phase of the trial and, even then, only in direct reply to specific expert testimony actually presented by the defense in its case in chief.

**IT IS SO ORDERED.**

Dated: July 29, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE