IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD DICKERSON, LLOYD HALL, BRANDON REED, AND HARRISON BROWN,<br><br>    Plaintiffs,<br><br>  v.<br><br>CAL WASTE SOLUTIONS, JIMMY DUONG, RUTH LUI, OSCAR RAMIREZ, STAN BEAL, RICH GROGRAN AND DOES 1-50,<br><br>    Defendants.<br>                                          / | No. C 08-03773 WHA<br><br>**ORDER REGARDING NOTICE OF SETTLEMENT FILED SEPTEMBER 11, 2009** |

      The Court is in receipt of plaintiff's notice of settlement filed on September 11, 2009. This filing is insufficient to suspend the deadlines currently in place, which include a pretrial conference scheduled for September 28, 2009, and a trial date of October 13, 2009. In the Court's case management order dated October 2, 2008, paragraph 12 provides as follows (Dkt No. 40):

> To avoid any misunderstanding with respect to the final pretrial conference and trial, the Court wishes to emphasize that all filings and appearances must be made — on pain of dismissal, default or other sanction — unless and until a dismissal fully resolving the case is received. It will not be enough to inform the clerk that a settlement in principle has been reached or to lodge a partially executed settlement agreement or to lodge a fully executed agreement (or dismissal) that resolves less than the entire case. Where, however, a fully-executed settlement agreement clearly and fully disposing of the entire case is lodged reasonably in advance of the pretrial conference or trial and only a ministerial

act remains, the Court will arrange a telephone conference to
work out an alternate procedure pending a formal dismissal.

Notwithstanding the above admonition, plaintiff's submission states that "the parties in the above action have negotiated a settlement. Upon the finalization of the settlement, [p]laintiffs will dismiss this action in its entirety" (Dkt No. 174). This is not enough. A copy of a fully-executed settlement agreement is not attached to the verify the above statement. Moreover, it is unclear from the notice when exactly a stipulated request for dismissal will be filed with the Court. As such, the parties must honor all deadlines until a complete dismissal is entered.

Should, however, the parties submit a fully-executed settlement agreement with specific proof that only a ministerial act remains, the Court will set a telephone conference to consider an alternate procedure pending the formal dismissal of this case.

**IT IS SO ORDERED.**

Dated: September 15, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2